IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Melissa S. Malone,

      Plaintiff,

    v.                           Case No. 2:15-cv-78

Carolyn W. Colvin,
Acting Commissioner of
Social Security,

      Defendant.

ORDER

    Plaintiff Melissa S. Malone brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and disability insurance benefits.  In a decision issued on August 28, 2013, the administrative law judge ("ALJ") determined that plaintiff had severe impairments, specifically, diabetes mellitus and a depressive disorder.  PAGEID 65.  Plaintiff's residual functional capacity ("RFC"), as formulated by the ALJ, included some physical limitations, as well as the following mental limitations:

> Mentally, she retains the ability to perform 1 to 4 step tasks with no multi-tasking, and no requirement for rapid task completion.  Her interaction with others needs to be on a conventional level, without conflict resolution or persuading others.  Further, the claimant should work in a static work environment where change is explained and gradually introduced.

PAGEID 67.  The ALJ found that plaintiff was unable to perform her past relevant work as a home health aide, dental assistant and general office clerk, but that there were jobs identified by the vocational expert which plaintiff could perform, and that plaintiff

was not disabled.   PAGEID 71-73.

In a report and recommendation filed on February 18, 2016, the magistrate judge addressed the arguments made by plaintiff in her statement of errors, which related solely to her mental, non-exertional limitations.  Plaintiff argued that the ALJ's evaluation of the opinion of Dr. Muhammad Kahn, M.D., plaintiff's treating physician, was not supported by substantial evidence, and that the ALJ failed to provide good reasons for the weight he assigned to Dr. Kahn's opinion.  The magistrate judge concluded that the ALJ failed to comply with the rules for considering the opinion of a treating source, and that the case should be remanded for further proceedings.  This matter is before the court for consideration of the Commissioner's February 23, 2016, objections to the report and recommendation.  Plaintiff has filed a response to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*,

42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Commissioner's Objections

The Commissioner objects to the finding of the magistrate judge that the ALJ failed to follow the treating physician rules in considering Dr. Kahn's opinion. The Commissioner has issued a policy statement, Social Security Ruling 96-2p, 1996 WL 374188 (Soc. Sec. Admin. July 2, 1996), to guide an ALJ's assessment of a treating-source opinion. Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3.

Even if the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent

3

of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, a formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). There is also no requirement that the ALJ expressly address each of the §404.1527(c) factors within the written decision. *Tilley v. Comm'r of Soc. Sec.*, 392 F.App'x 216, 222 (6th Cir. 2010). Likewise, an ALJ need not discuss every piece of evidence in the record for his decision to stand, *Karger v. Comm'r of Soc. Sec.*, 414 F.App'x 739, 753 (6th Cir. 2011), and an ALJ's failure to cite specific evidence does not indicate that it was not considered, *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The magistrate judge noted that the June 1, 2010, treatment records of Dr. Kahn, plaintiff's primary care physician, revealed that plaintiff complained on that date about anxiety and panic attacks, with crying, hand tremors, and shortness of breath. *See* Doc. 15, p. 3. Dr. Kahn diagnosed anxiety and panic attacks and

prescribed medication.  The magistrate judge observed that Dr. Kahn continued to treat plaintiff with prescribed medication for depression and anxiety, as reflected in treatment notes spanning from 2010 to January of 2012.  Doc. 15, p. 3.  On March 4, 2013, Dr. Kahn completed a form which included his opinion that plaintiff's condition was likely to deteriorate if she were placed under stress associated with a job, that she was likely to have partial or full-day unscheduled absences from work occurring five or more days per month due to her conditions and/or the side effects of her medications, and that, due to plaintiff's history of depression, anxiety, and panic attacks, she cannot work in stress conditions and may have to take unscheduled time off from work.

The ALJ gave Dr. Kahn's opinion some weight on the subject of plaintiff's physical limitations, then noted that

> Dr. Kahn attempts to use mental diagnoses for the support of the physical capacities assessment.  This doctor is not a mental health specialist, and has only treated claimant for diabetes and low back pain since August 2012[.]

PAGEID 70.  The ALJ also based the weight given to Dr. Kahn's opinion on a treatment record indicating that plaintiff denied having any anxiety or depression during a September 18, 2012, office visit.  PAGEID 70.

The court agrees with the conclusions of the magistrate judge. The magistrate judge found that the ALJ's failure to consider Dr. Kahn's treatment records prior to August 2012 resulted in his opinion not being supported by substantial evidence.  Doc. 15, p. 11.  As the magistrate judge noted, the ALJ apparently rejected Dr. Kahn's opinion regarding plaintiff's mental impairments based in part on the mistaken belief that Dr. Kahn had not treated plaintiff

5

for mental impairments and had only treated her since August of 2012, when in fact Dr. Kahn's treatment notes reveal that he began treating plaintiff for mental symptoms in June of 2010.  In other words, this is not a case where the ALJ simply failed to specifically address all of the §404.1527(c) factors; rather, the ALJ's opinion affirmatively indicates that his analysis of those factors was flawed.  The magistrate judge also noted that the September 18, 2012, office visit was for a "well woman exam" and physical, and that Dr. Kahn's failure to fill out the check-box portion of the treatment record regarding any mental impairments was his usual practice even on the occasions where plaintiff specifically presented with complaints of anxiety and panic attacks.  Doc. 15, p. 10.

The Commissioner notes that the ALJ referred in other sections of his opinion to exhibit numbers which included Dr. Kahn's treatment notes, and argues that the ALJ must have considered them. However, the ALJ's erroneous and ambiguous statement that Dr. Kahn only treated plaintiff for back problems starting in August of 2012 raises the possibility that he overlooked some part of Dr. Kahn's treatment records.  The Commissioner also argues that any of Dr. Kahn's treatment notes prior to May 1, 2011, the alleged onset of disability date, have less relevance, that his notes after that date do not support a finding of disability, and that plaintiff's conservative treatment regime and Dr. Kahn's failure to refer plaintiff to a mental health specialist all undermine Dr. Kahn's opinion concerning the severity of plaintiff's symptoms.  These arguments may or may not be valid.  However, they are matters which should be considered and weighed in the first instance by the ALJ. That did not occur in this case.  The ALJ's brief discussion of Dr.

6

Kahn's opinion is not "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242.  The Commissioner's objections are not well taken.

III. Conclusion

For the foregoing reasons, the court adopts and affirms the magistrate judge's report and recommendation (Doc. 15), and overrules the Commissioner's objections (Doc. 16).  The decision of the Commissioner is reversed, and this action is remanded to the Commissioner and the ALJ under sentence four of 42 U.S.C. §405(g) for further consideration of the record consistent with this order and the report and recommendation.  The court makes no ruling on the ultimate issue of disability.  The clerk is directed to enter final judgment in this case.

It is so ordered.


Date: March 9, 2016                 _____s/James L. Graham_____
                                    James L. Graham
                                    United States District Judge

7